**FILED**

Sep 01, 2022

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

MICHELE M. BECKWITH
First Assistant United States Attorney
JOSEPH D. BARTON
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

## IN THE UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RICHARD BEST and SHAWN SAWA,<br><br>Defendants. | CASE NO.   1:22-cr-00241-JLT-SKO<br><br>18 U.S.C. § 1349 – Conspiracy to Commit Wire Fraud (One Count); 18 U.S.C. § 1343– Wire Fraud (Three Counts); 18 U.S.C. § 981(a)(1)(C), and 28 U.S.C. § 2461(C) – Criminal Forfeiture |

## I N D I C T M E N T

COUNT ONE: [18 U.S.C. § 1349 – Conspiracy to Commit Wire Fraud]

The Grand Jury charges:

RICHARD BEST and SHAWN SAWA,

defendants herein, as follows:

### I.   **INTRODUCTION**

At all times relevant to this Indictment:

1.     Defendant RICHARD BEST resided, and owned and operated the train-to-truck transloading company, Richard Best Transfer, Inc. ("RBT"), in Tulare County, State and Eastern District of California.

2.     COMPANY ONE and COMPANY TWO were international food processors headquartered in Illinois and Nebraska, respectively, with operations in the State and Eastern District of

1 | California and elsewhere. The companies processed canola, which is a common ingredient used in
2 | livestock feed.

3 |     3.    Defendant SHAWN SAWA resided, and was the manager of COMPANY ONE's branch
4 | office, in Fresno County, State and Eastern District of California. He was COMPANY ONE's primary
5 | point of contact with RBT and with defendant BEST.

6 |     4.    INDIVIDUAL ONE was an acquaintance of the defendants who had previously worked
7 | in the livestock feed industry.

8 | ## II.   THE CONSPIRACY

9 |     5.    Beginning on a date unknown to the Grand Jury, but not later than in or around January
10 | 2015, and continuing until at least in or around February 2017, in the State and Eastern District of
11 | California and elsewhere, defendants RICHARD BEST and SHAWN SAWA knowingly and
12 | intentionally agreed, combined, and conspired with each other, and with others known and unknown to
13 | the Grand Jury, to execute and attempt to execute, by means of wire and radio communications in
14 | interstate commerce, a material scheme and artifice to defraud COMPANY ONE, COMPANY TWO,
15 | and other companies, and to obtain property owned by and under the custody and control of these
16 | companies, including canola, by means of materially false and fraudulent pretenses, representations, and
17 | promises, in violation of 18 U.S.C. § 1343.

18 | ## III.   MANNER AND MEANS OF THE CONSPIRACY

19 |     6.    Defendants RICHARD BEST and SHAWN SAWA used the following manner and
20 | means, among others, in furtherance of the conspiracy:

21 |     7.    Defendant BEST caused RBT to enter into contracts with COMPANY ONE,
22 | COMPANY TWO, and other companies, pursuant to which the companies regularly sent to RBT
23 | hundreds of thousands of tons of their canola and other commodities, worth millions of dollars, for
24 | delivery to the companies' customers in the State and Eastern District of California and elsewhere.
25 | These contracts required RBT to maintain accurate inventories of the companies' canola and other
26 | commodities that it had in-stock, and to submit inventory reports to the companies daily and monthly.

27 |     8.    Thereafter, the defendants caused canola belonging to COMPANY ONE, COMPANY
28 | TWO, and other companies to be sold to farms and dairies in the State and Eastern District of California

INDICTMENT           2

and elsewhere through INDIVIDUAL ONE for the defendants' benefit, and without obtaining authorization from, or compensating, the companies. At the defendants' direction, INDIVIDUAL ONE deposited the proceeds from such sales into INDIVIDUAL ONE's bank account before further disbursing the bulk of the sale proceeds to the defendants.

9.      The defendants agreed that INDIVIDUAL ONE could take a small commission from the sale proceeds. Defendant BEST then gave INDIVIDUAL ONE instructions regarding when, how, and in what amounts to distribute the rest of the sale proceeds.

10.     Pursuant to defendant BEST's instructions, INDIVIDUAL ONE transferred the sales proceeds to the defendants by wire transfers from INDIVIDUAL ONE's bank account in Texas to bank accounts in the State and Eastern District of California over which the defendants had custody and control. The wire transfer amounts ranged from $10,000 to over $100,000 each. To conceal the payments received from INDIVIDUAL ONE, defendant SAWA caused a bank account to be opened in the name of his spouse that he used to receive the payments.

11.     For example, in and around September through December 2016, the defendants caused INDIVIDUAL ONE to sell over $40,000 worth of the stolen canola to DAIRY ONE and to deposit the proceeds of the sale into INDIVIDUAL ONE's bank account. Thereafter, on or about December 27, 2016, and January 5, 2017, the defendants caused INDIVIDUAL ONE to deduct a commission and send two wire transfers, each in the amount of $20,000, from INDIVIDUAL ONE's bank account ending – 4746 in Texas to the defendants as follows: A $20,000 wire transfer to defendant SAWA's bank account ending – 6340 that was opened in his spouse's name, and a $20,000 wire transfer to BEST's personal bank account ending – 3006 in the State and Eastern District of California.

12.     Throughout the conspiracy, the defendants caused RBT to falsely and fraudulently maintain the stolen canola on its inventory reports for COMPANY ONE, COMPANY TWO, and the other companies, as if the canola had not been sold and remained in stock. The defendants knowingly caused fraudulent inventory reports to be submitted to the companies that falsely represented RBT had certain amounts of their canola in-stock when, in fact, as defendants' well knew, RBT had significantly lesser amounts of canola on hand because the defendants had stolen part of the canola stock. The defendants caused the fraudulent inventory reports to be submitted to the companies in various ways,

1   including by email messages.

2       13.     For example, on or about February 1, 2017, the defendants caused RBT's inventory

3   manager to email a monthly inventory report to COMPANY ONE that falsely represented RBT had over

4   10,000 tons, or $3,500,000 worth, of COMPANY ONE's canola in-stock when, in fact, as the

5   defendants' well knew, RBT had little to no canola left in stock at that time.

6       14.     The defendants well knew at the time they caused these fraudulent inventory reports to be

7   submitted to COMPANY ONE, COMPANY TWO, and the other companies that the reports contained

8   false representations regarding the amounts of canola RBT had in-stock.  As the defendants well knew,

9   they had stolen the canola and it was no longer at RBT.

10      15.     These false representations concerning canola inventory levels were material to the

11  decisions by COMPANY ONE, COMPANY TWO, and the other companies to continue doing business

12  with RBT and helped the defendants to forestall discovery of their thefts.

13      16.     When COMPANY ONE, COMPANY TWO, and the other companies began to make

14  inquiries concerning whether their canola was missing from RBT, the defendants caused false

15  representations to be made to the companies that their canola had been destroyed due to inclement

16  weather, in a further attempt to forestall discovery of their thefts.

17      17.     For example, on or about February 8, 2017, COMPANY ONE discovered that over

18  10,000 tons, or $3,500,000 worth, of its canola that was previously reported as being at RBT one week

19  earlier was missing.  The defendants then made and caused to be made false representations to

20  COMPANY ONE that its canola had been destroyed by heavy rainfall.

21      18.     In furtherance of the conspiracy, the defendants stole over 13,500 tons, or more than

22  $4,800,000 worth, of canola from COMPANY ONE, COMPANY TWO, and the other companies,

23  which they resold for profit.  The defendants used these illicit proceeds for their own benefit and the

24  benefit of others who were not entitled to the funds.  This included operating expenses for RBT,

25  purchases of luxurious homes and other real property, and multiple vehicles, frequent trips, private

26  karate teachers, and other personal expenses.

27      19.     In carrying out the conspiracy, the defendants acted with the intent to defraud.

28          All in violation of 18 U.S.C. § 1349.

1  COUNT TWO: [18 U.S.C. § 1343 – Wire Fraud]

2      The Grand Jury further charges:

3                        SHAWN SAWA,

4  defendant herein, as follows:

5      20.    Paragraphs 1 through 4 and 6 through 19 are incorporated by reference as though fully set

6  forth herein.

7      21.    Beginning on a date unknown to the Grand Jury, but not later than in or around January

8  2015, and continuing until at least in or around February 2017, in the State and Eastern District of

9  California and elsewhere, defendant SHAWN SAWA devised and intended to devise, and knowingly

10  executed and attempted to execute, by means of wire and radio communications in interstate commerce,

11  a material scheme and artifice to defraud COMPANY ONE, COMPANY TWO, and other companies,

12  and to obtain property owned by and under the custody and control of these companies, including

13  canola, by means of materially false and fraudulent pretenses, representations, and promises, in violation

14  of 18 U.S.C. § 1343.

15      22.    On or about the dates set forth below, in the State and Eastern District of California and

16  elsewhere, for the purpose of executing the aforementioned scheme to defraud, defendant SAWA

17  knowingly transmitted and caused to be transmitted, by means of wire and radio communications in

18  interstate commerce, the following writing, signs, signals, pictures, and sounds:

| COUNT | DATE | WIRE COMMUNICATION |
|---|---|---|
| TWO | 12/27/16 | Wire transfer in the amount of $20,000, originating from INDIVIDUAL ONE's bank account ending – 4746 in Texas, and sent to bank account ending – 3006 in his defendant SAWA's spouse's name, in the State and Eastern District of California |

All in violation of Title 18 U.S.C. § 1343.

///
///
///
///

COUNTS THREE THROUGH FOUR: [18 U.S.C. § 1343 – Wire Fraud]

The Grand Jury further charges:

RICHARD BEST and SHAWN SAWA,

defendants herein, as follows:

23.    Paragraphs 1 through 4 and 6 through 19 are incorporated by reference as though fully set forth herein.

24.    Beginning on a date unknown to the Grand Jury, but not later than in or around January 2015, and continuing until at least in or around February 2017, in the State and Eastern District of California and elsewhere, defendants RICHARD BEST and SHAWN SAWA devised and intended to devise, and knowingly executed and attempted to execute, by means of wire and radio communications in interstate commerce, a material scheme and artifice to defraud COMPANY ONE, COMPANY TWO, and other companies, and to obtain property owned by and under the custody and control of these companies, including canola, by means of materially false and fraudulent pretenses, representations, and promises, in violation of 18 U.S.C. § 1343.

25.    On or about the dates set forth below, in the State and Eastern District of California and elsewhere, for the purpose of executing the aforementioned scheme to defraud, the defendants knowingly transmitted and caused to be transmitted, by means of wire and radio communications in interstate commerce, the following writing, signs, signals, pictures, and sounds:

| COUNT | DATE | WIRE |
|-------|------|------|
| THREE | 01/05/17 | Wire transfer in the amount of $20,000, originating from INDIVIDUAL ONE's bank account ending – 4746 in Texas, and sent to defendant BEST's personal bank account ending – 3006 in the State and Eastern District of California |
| FOUR | 02/01/17 | Email message from RBT's inventory manager, in the State and Eastern District of California, to COMPANY ONE in Illinois, attaching monthly inventory reports for COMPANY ONE's canola and other commodities in-stock at RBT |

All in violation of Title 18 U.S.C. § 1343.

1  FORFEITURE ALLEGATION: [18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c) - Criminal Forfeiture]

2      26.    Upon conviction of one or more of the offenses alleged in Counts One through Four of

3  this Indictment, the defendants shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C)

4  and 28 U.S.C. § 2461(c), all property, real and personal, which constitutes or is derived from proceeds

5  traceable to such violations.

6      27.    If any property subject to forfeiture as a result of the offenses alleged in Counts One

7  through Four of this Indictment for which defendants are convicted:

8          a.    cannot be located upon the exercise of due diligence;

9          b.    has been transferred or sold to, or deposited with, a third party;

10          c.    has been placed beyond the jurisdiction of the court;

11          d.    has been substantially diminished in value; or

12          e.    has been commingled with other property that cannot be easily divided;

13  ///

14  ///

15  ///

16  ///

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

INDICTMENT                                    7

1 | it is the intent of the United States, pursuant to 28 U.S.C. § 2461(c), incorporating 21 U.S.C. § 853(p), to

2 | seek forfeiture of any other property of said defendant, up to the value of property subject to forfeiture.

A TRUE BILL.

/s/ Signature on file w/AUSA

_____

FOREPERSON

MICHELE M. BECKWITH
First Assistant United States Attorney

# KIRK E. SHERRIFF

_____
KIRK E. SHERRIFF,
Chief, Fresno Office
Assistant United States Attorney

INDICTMENT

8