UNITED STATES DISTRICT COUNT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiffs,<br><br>     v.<br><br> SHAWN SAWA,<br><br>          Defendants. | Case No: **1:22-CR-00241-JLT-SKO**<br><br>**ORDER DENYING DEFENDANT, SHAWN SAWA'S, REQUEST AND ORDER FOR FUNDS FOR TRAVEL, LODGING, AND SUBSISTENCE**<br>(Doc. 28) |

     Mr. Sawa has filed a motion asking the Court to order the United States Marshal Service to provide him transportation to and from Alberta, Canada and for the Federal Defender's Office to pay his hotel and food costs, while he is in Fresno, California.[1] (Doc. 28) Mr. Sawa relies on 18 USC § 4285 to support his request and, though this statute authorizes the Court to order the United States Marshal Service to provide for non-custodial travel for criminal defendants in certain instances, it does not apply in this case.

     Section 4285 reads, "Any judge or magistrate judge of the United States, **when ordering a person released under chapter 207 on a condition of his subsequent appearance before that court** . . . may, when the interests of justice would be served thereby and the United States judge or magistrate judge is satisfied, after appropriate inquiry, that the defendant is financially unable to provide the necessary transportation to appear before the required court on his own, direct the United

---

[1] Mr. Sawa does not explain why he will need to remain in Fresno for the day after his change-of plea hearing, to be held on November 13, 2023.

1

States marshal to arrange for that person's means of noncustodial transportation . . ." (Emphasis added) As noted, Mr. Sawa has not appeared in court and, consequently, the Court has not released him on the condition that he appear at a future court date. Though recognizing that arrest on the still-outstanding warrant (Doc. 3) will likely result in higher costs on the USMS to transport Mr. Sawa to his arraignment and plea hearing, the explicit language of 8 U.S.C. § 4284 fails to provide the Court the authority to require the USMS to provide the requested funds.[2]

Even if this presented no difficulty, the Court cannot find on the current record that Mr. Sawa is financially unable to provide his own transportation. Mr. Sawa bears the "especially heavy burden" of demonstrating his financial need. *U.S. v. Mouzon*, 2014 WL 1303708, at *2 (M.D. Pa. Mar. 31, 2014). "The fact that a defendant may be indigent for purposes of appointment of counsel . . . is a different standard." *United States v. Forest*, 597 F.Supp.2d 163, 165 (D.Me.2009). Under § 4285, the Court "must find that the defendant is so destitute that [he] is financially unable to provide the necessary transportation to appear before the required court on his own." *Id*. (internal quotations omitted) (citing 42 U.S.C. § 4285).

Notably, though counsel makes representations about Mr. Sawa's financial condition, Mr. Sawa does not present a sworn statement or any evidence supporting these representations. This is particularly striking because the financial "affidavit" submitted when he was seeking pre-appointment of counsel was unsigned. In addition, the events which give rise to this litigation occurred in Tulare, California, but the Court has been provided no information about when Mr. Sawa moved to Canada or why. Indeed, before now, Mr. Sawa has never made a representation about where he lives. He has not been arrested, and he has not appeared in court. Thus, the provisions of § 4285 have not been triggered. For these reasons, the request is **DENIED**.

IT IS SO ORDERED.

Dated:   **November 2, 2023**

_____
UNITED STATES DISTRICT JUDGE

---

[2] Even still, the statute does not provide for return travel but only costs "to his destination." 8 U.S.C. 4285; *United States v. Birdhouse*, 2007 WL 2358634 at *2 (D.N.D. Aug. 17, 2007).