UNITED STATES DISTRICT COUNT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiffs,<br><br>v.<br><br>SHAWN SAWA,<br><br>Defendants. | Case No: **1:22-CR-00241-JLT-SKO**<br><br>**ORDER DENYING DEFENDANT, SHAWN SAWA'S, RENEWED REQUEST FOR FUNDS FOR TRAVEL, LODGING, AND SUBSISTENCE**<br>(Doc. 35) |

A few weeks ago, Mr. Sawa filed a motion asking the Court to order the United States Marshal Service to provide him transportation costs to and from Alberta, Canada and for the Federal Defender's Office to pay his hotel and food costs, while he is in Fresno, California to enter a guilty plea.[1] (Doc. 28) The Court denied the earlier request for two reasons: First, because 18 USC § 4285—on its face—does not authorize the Court to order the U.S. Marshal Service to provide travel costs in this case; and second, because Mr. Sawa failed to present evidence supporting his need for travel funds. (Doc. 29)

Mr. Sawa has now filed a renewed motion for travel costs. (Doc. 35) In his renewed motion, Mr. Sawa adequately demonstrates his need for travel costs. *Id*. However, he fails to address the Court's determination that 18 U.S.C. § 4285 **does not** allow travel costs given the posture of this case. (Doc. 29 at 1)

---

[1] Notably, he will not appear for a change of plea; he has not appeared in court on this case and has not entered *any* plea.

1

In its earlier order, the Court observed,

> Section 4285 reads, "Any judge or magistrate judge of the United States, **when ordering a person released under chapter 207 on a condition of his subsequent appearance before that court** . . . may, when the interests of justice would be served thereby and the United States judge or magistrate judge is satisfied, after appropriate inquiry, that the defendant is financially unable to provide the necessary transportation to appear before the required court on his own, direct the United States marshal to arrange for that person's means of noncustodial transportation . . ."

(Doc. 29 at 1-2) The Court continued,

> As noted, Mr. Sawa has not appeared in court and, consequently, the Court has not released him on the condition that he appear at a future court date. Though recognizing that arrest on the still-outstanding warrant (Doc. 3) will likely result in higher costs on the USMS to transport Mr. Sawa to his arraignment and plea hearing, the explicit language of 8 U.S.C. § 4284 fails to provide the Court the authority to require the USMS to provide the requested funds.

*Id*. at 2. Rather that addressing the language of § 4285, Mr. Sawa's current motion simply asserts—in the identical language that he used in his initial motion—that, "There is unambiguous statutory authority for this Court direct to [sic] the United States Marshal to furnish Mr. Sawa with the cost of travel to Fresno, California, so he can attend court in Fresno on January 8, 2024.  See, 18 U.S.C. section 4285." (Doc. 28 at 2; Doc. 35 at 2) However, as noted above and in the Court's prior order, 18 U.S.C. § 4285 *unambiguously precludes* the Court from granting this motion. The Court researched this topic before issuing its prior order and found no authority—let alone unambiguous authority—which permits the Court to grant the travel costs requested, given the posture of this case. Consequently, though the Court is greatly sympathetic to Mr. Sawa's circumstances, **it lacks the authority to grant Mr. Sawa's request**. For this reason, the Court **DENIES** once again, his request for travel funds.

IT IS SO ORDERED.

Dated: **November 28, 2023**

UNITED STATES DISTRICT JUDGE

2