ERIC GRANT
United States Attorney
CHAN HEE CHU
CODY S. CHAPPLE
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>    v.<br><br>RICHARD BEST,<br><br>                Defendant. | CASE NO. 1:22-CR-00241-JLT-SKO<br><br>**UNITED STATES' MOTION IN LIMINE NO. 5 – OPPOSING PARTY'S STATEMENTS**<br><br>TRIAL DATE:    November 4, 2025<br>HEARING DATE:  TBD<br>TIME:              TBD<br>COURT:          Hon. Jennifer L. Thurston |

### I. INTRODUCTION

The defendant Richard Best is charged with conspiracy to commit wire fraud and two counts of wire fraud between January 2015 and February 2017. ECF 1. The charges relate to a scheme to defraud the defendant's customers by secretly stealing tens of thousands of tons worth of canola and other feed products over several years. The defendant conspired with a co-defendant who was employed by one of the defendant's customers, and caused his employees to make statements and misrepresentations in furtherance of the scheme.

At trial, the Government plans to offer opposing party statements by the defendant, coconspirators, and agents or employees under Rule 801(d)(2)(D)–(E). The United States therefore requests a pre-trial ruling on the issue, or in the alternative, at the start of trial.

### II. ANALYSIS

The government will move to admit two categories of evidence: (1) emails and text messages

1

from co-conspirators; (2) statements by the defendant made during a recorded deposition in a civil case, during a recorded interview with the FBI, and to witnesses; (3)

### A. The United States May Introduce Statements of Co-Conspirators.

The government may admit text messages and recordings of statements made by defendants' co-conspirators. Declarations by one co-conspirator during the course of and in furtherance of the conspiracy may be used against another conspirator because such declarations are not hearsay. *See* Fed. R. Evid. 801(d)(2)(E). Further, statements made in furtherance of a conspiracy were expressly held by the Supreme Court in *Crawford v. Washington*, 541 U.S. 36, 56 (2004), to be "not testimonial" such that their admission does not violate the Confrontation Clause. Because co-conspirator statements fall within a "firmly rooted hearsay exception," if a statement is properly admissible under Rule 801(d)(2)(E), no additional showing of reliability is necessary to satisfy the requirements of the Confrontation Clause. *Bourjaily v. United States*, 483 U.S. 171, 183-84 (1987); *United States v. Yarbrouqh*, 852 F.2d 1522, 1536 (9th Cir. 1988); *United States v. Knigge*, 832 F.2d 1100, 1107 (9th Cir. 1987), amended, 846 F.2d 591 (9th Cir. 1988).

The admission of co-conspirator statements pursuant to Federal Rule of Evidence 801(d)(2)(E) requires only a foundation that: "a conspiracy existed at the time the statement was made; the defendant had knowledge of, and participated in, the conspiracy; and the statement was made in furtherance of the conspiracy." *United States v. Bowman*, 215 F.3d 951, 960–61 (9th Cir. 2000); *see also Bourjaily*, 483 U.S. at 173, 181 (1987); *United States v. Crespo de Llano*, 838 F.2d 1006, 1017 (9th Cir. 1987). "Once a conspiracy is shown, the prosecution need only present slight evidence connecting the defendant to the conspiracy." *Id.*; *see also United States v. Segura-Gallegos*, 41 F.3d 1266, 1272 (9th Cir. 1994) (co-conspirator statements admissible where "the government showed by a preponderance of the evidence the existence of a conspiracy"). To be admissible under Federal Rule of Evidence 801(d)(2)(E) as a statement made by a co-conspirator in furtherance of the conspiracy, a statement must "further the common objectives of the conspiracy," or "set in motion transactions that [are] an integral part of the [conspiracy]." *United States v. Arambula-Ruiz*, 987 F.2d 599, 607-08 (9th Cir. 1993); *United States v. Yarbrough*, 852 F.2d 1522, 1535 (9th Cir. 1988). Statements which induce participation or prompt further action in the conspiracy are admissible. *Arambula-Ruiz*, 987 F.2d at 607-08. Such statements are admissible whether or not they actually result in any benefit to the conspiracy. *United States v. Williams*, 989 F.2d 1061, 1068

(9th Cir. 1993). In determining if these foundational facts have been established, the court may consider hearsay and other evidence not admissible at trial. *See* Fed. R. Evid. 104(a) and 1101(d)(1); *Bourjaily*, 483 U.S. at 178-79.

Here, the indictment charges Shawn Sawa as a codefendant who conspired with Best to commit wire fraud. Best paid Sawa a kickback from his sale of the stolen feed product. Throughout the relevant period, Sawa took steps to conceal his and Best's wrongdoing, including through communications to his employer and others working for Best. The government intends to offer these statements in the form of Sawa's emails and text messages, as well as witness testimony. Sawa's statements made in furtherance of the conspiracy are therefore excluded from the hearsay exception and admissible.

### B. The United States May Introduce Statements by the Defendant.

Defendants' statements captured on audio recordings and text messages are admissible against them as statements of a party opponent, pursuant to Federal Rule of Evidence 801(d)(2). Under Rule 801(d)(2), a defendant's prior statement is admissible only if offered against him. See *United States v. Ortega*, 203 F.3d 675, 682 (9th Cir. 2000) (stating that "self-inculpatory statements, when offered by the government, are admissions by a party-opponent and are therefore not hearsay," but that "non-self-inculpatory statements are inadmissible hearsay"). A statement of a party opponent is not hearsay if the statement is offered against a party and is his own statement in either his individual or representative capacity, and it relates to the offense in question. *Territory of Guam v. Ojeda*, 758 F.2d 403, 408 (9th Cir. 1985). Moreover, a statement need not be incriminating to be an admission. *Id.* at 408.

Here, Best made several statements in recorded depositions in his related civil case. He also gave statements during an interview with the FBI which was recorded and known to him. The government intends to offer these statements at trial through the recordings, as well as through witness testimony. Since these statements are made by the defendant, the government may offer them as the party opponent. Therefore, statements by the defendant are admissible.

### C. The United States May Introduce Statements of the Defendant's Agents and Employees.

Rule 801(d)(2)(D) exempts from the hearsay rule statements that are "offered against an opposing party and ... made by the party's agent or employee on a matter within the scope of that relationship and

while it existed." Fed. R. Evid. 802(d)(2)(D). It is the burden of the party offering such statements to lay a foundation consisting of evidence that (1) the declarant was an "agent or employee" of the opposing party within the meaning of the Rule, (2) the declarant spoke within the scope of that agency or employment relationship, and (3) the declarant spoke while the agency or employment relationship existed. See *Zaken v. Boerer*, 964 F.2d 1319, 1322-23 (2d Cir. 1992). "Statements by a corporate employee can be deemed admissions of his or her superior 'under Rule 801(d)(2)(D) if the factors which normally make up an agency relationship are present as between the employee and the superior.'" *Jackson v. Fed. Express*, No. CV-1001760-MMM-CWX, 2011 WL 13268046, at *11, n.108 (C.D. Cal. May 11, 2011) (collecting cases).

Here, the government intends to offer statements made by the defendant's agents and employees in the form of witness testimony and emails. For example, in an email from Wyatt Best and another from Chuck Littlefield, both represented that they spoke for the defendant and that the defendant agreed with the victim company's representative regarding an issue with their stolen canola. Additionally, the defendant caused false inventory reports to be sent by his employees to victim companies, which caused them to believe their inventory was untouched. These statements fall under Rule801(d)(2)(D) exemption and therefore are admissible by the government.

### III. CONCLUSION

For the reasons set forth above, the Government requests that the Court issue a ruling on the admissibility of opposing party statements made by coconspirators, the defendant, and the defendant's agents or employees.

Dated: October 6, 2025

ERIC GRANT
United States Attorney

By: /s/ CODY S. CHAPPLE
CHAN HEE CHU
CODY S. CHAPPLE
Assistant United States Attorneys

4